UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 13-CV- 81083-SCOLA/VALLE

UNITED STATES OF AMERICA

       Plaintiff(s),

vs.

LOUIS R. TOWNSEND, JR,

       Defendant,

_____

### AFFIDAVIT OF LOUIS TOWNSEND, JR., IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

    I, Louis Townsend, Jr., Esq, do hereby swear, affirm and attest as follows based on my personal knowledge of the matters contained herein:

    1. I am over 18 years of age and I am competent to testify as to the matters stated in this affidavit. I make this affidavit based on my personal knowledge and the affidavit is given freely and voluntarily and I have not been promised any benefit, coerced or threatened in any manner in exchange for my testimony in this affidavit.

    2. The Plaintiff filed a Motion for Summary Judgment. As shown by this affidavit and the memorandum in opposition to the Motion for Summary Judgment there are genuine issues of material fact which exist and the Plaintiff's Motion should be denied.

    3. The Defendant had a number of Student loans in early 2000, some that he wanted to consolidate and some he did not want to consolidate as he was paying them off. It is for that reason, the Undersigned contacted the department of Education regarding loan consolidation.

    4. It should be noted that this is not a traditional student loan made by a school. It is a loan consolidation. In 2004, the Defendant executed a "Direct Consolidation Loan" application. In the application the Defendant on page two of the application

Affidavit of Louis Townsend, Jr., Esq
In Opposition to Plaintiff's Motion for
Summary Judgment

indicated that there were some loans he did want consolidated and two he did not want consolidated. It was agreed between the department of education that only six (6) of the eight loans on page two (2) were to be consolidated. There is a genuine issue of material fact as to the amount of the loan in 2004, i.e. a genuine issue of material fact as to how much money was paid to which lenders to consolidate these loans. There is also a genuine issue of fact as to how the exhibit c document, which is dated 2001, 3 years before the 2004 application applies to the later application.

     5. The loan agreement also had two further provisions. First, according to the loan application, the loan repayment plan was to be for an income contingent payment plan. All the supporting documents necessary for this payment plan were submitted. The Defendant was never provided an income contingent repayment schedule, in direct violation of the terms of the note. Moreover, the note on page four (4) in the default section second paragraph says that a default occurs when there is a failure to make installment payments when due. In this case, the Defendant was not given a schedule of income contingent installment payments. Thus, in this case there is a genuine issue of material fact as to whether the loan is in default as there is a genuine issue of material fact as to whether the payments made satisfy or would satisfy the income contingent requirements of the loan.

     6. In light of the fact that there is no evidence of an income contingent plan being presented to the Defendant, there is a genuine issue of fact as to whether there was a variance in the payment obligation.

     7. It should be noted that in the same 2004/2005 time frame, the Defendant was fired from his job and opened up his own law practice. Once again, if the income contingent payment plan was in place and was forwarded to the Defendant, it would have been paid. If the Plaintiff did not comply with the terms of the agreement, there is a genuine issue of material fact as to whether the Defendant failed to make scheduled payments that were not issued pursuant to the loan agreement.

     8. The Defendant is not saying that he is not ultimately responsible for the loan being paid. In fact, the Defendant has made payments to the loan under the federal government's "loan rehabilitation program" under 34 CFR 682.405. The Certificate of

Affidavit of Louis Townsend, Jr., Esq
In Opposition to Plaintiff's Motion for
Summary Judgment

indebtedness, which was executed four (4) years ago in 2010 does not reflect these payments and therefore there is another genuine issue of material fact as to whether the loan should be considered in default.

9. Pursuant to 34 CFR 482.405, a loan that is in default can be rehabilitated if regular voluntary payments are made. Congress enacted this law to combat the growing student loan default rate and to ease the burden of these loans on the federal government. The Defendant contends there is a genuine issue of material fact as to whether the loan should be considered in default and there is also a genuine issue of material fact as to whether the payments made on the loan cure any claimed default.

10. Further, agents of the Plaintiff have an obligation to comply with federal law, including attempting to prevent defaults and advising of ways to rehabilitate a defaulted loan. In this case, the Defendant was not provided with any options to prevent default, cure a default or rehabilitate the loan. In violation of Department of Education guidelines and rules and in violation of 34 CFR 682 which seeks to solve the crisis in "student loans", the Defendant was never provided any information regarding how to cure the loan.

11. The loan agreement dated 2004 has a second provision that is important to this case. According to the loan application on page 4 at the top left hand corner, under the section "Governing Law and Notices", the last sentence reads "….Applicable state law…. May provide certain borrower rights, remedies and defenses in addition to those stated in this note".

12. In this case, there are defenses based on state law, namely unfair and deceptive trade practices on behalf of the agents of the plaintiff and other defenses. The plaintiff is ultimately liable for the actions of its agents. The Defendant would state that there are genuine issues of material fact as to these defenses as shown by the failure to provide income contingent payment plans and the failure to act on the Defendant's rehabilitation plan. These are genuine issues of material fact that go to whether the loan should be considered in default, what the loan amount is, what the outstanding balance is, whether there was a variance in the payment amounts and whether the Plaintiff or its agents acted in "bad faith" or engaged in deceptive trade practices under Florida Law.

Affidavit of Louis Townsend, Jr., Esq
In Opposition to Plaintiff's Motion for
Summary Judgment

13. The Defendant wants its argument to the Court to be crystal clear. The Defendant is not saying he should never have to pay the loan or that the loan is somehow cancelled. The Defendant is making payments on the loan and will continue making payments on the loan.

14. In the alternative, the Defendant is saying that in light of the circumstances, the representations and misrepresentations on the payment plans by the Plaintiff and its agents and the ultimate payments by the Defendant, there are genuine issues of material fact on the issues of the type of loan, the payments, whether there was a default, whether Florida law was violated and whether in light of the payments made by the Defendant the loan should still be considered in default. Given these genuine issues of material fact, the Defendant believes he should be permitted to continue discovery and have a trial if the case is not settled.

15. There are also genuine issues of fact as to the attorney's fees and taxed costs of the Plaintiff's counsel, for example the Plaintiff's counsel is asking for 2.0 hours in post judgment fees with no explanation and there is another section where the Plaintiff asks for $1,405.00 in unexplained costs.

16. This memorandum in opposition is made in good faith as the Defendant believes there are genuine issues of material fact in this case. The Defendant also believes he has a valid defense. As stated in the Defendant's previous motion, the Defendant needs additional to litigate that valid defenses.

_____
Louis Townsend, Jr., Esq,
Defendant

Sworn to (or affirmed) and subscribed before me personally appeared _____,
who ( ✓ ) is personally known to me or ( __ ) having shown the following identification
and said document was executed on this 20th day of May, 2014 by
_____.
(Print name of person making statement above)

_____
(Print, type or Stamp commissioned name of notary)

(SEAL)
_____
(Signature of Notary)
Personally Known_____
Or Produced ID_____

ALEXANDER R. BRUMFIELD III
Commission # EE 110982
Expires July 31, 2015
Bonded Thru Troy Fain Insurance 800-385-7019