United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff ) | |
| ) | |
| v.  ) | Civil Action No. 13-81083-Civ-Scola |
| ) | |
| Louis R. Townsend, Jr., Defendant ) | |

## Order Denying Motion For Summary Judgment

The United States has moved for summary judgment in this student-loan-default case. The Defendant, Louis Townsend, Jr., argues that the Court should deny the summary-judgment motion because there are several outstanding issues of fact. The Court agrees with Townsend.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents . . . affidavits or declarations . . . or other materials." Fed. R. Civ. P. 56(c)(1).

First, the Court cannot consider the United States' affidavit. Rule 56(c)(4) requires that an affidavit used to support a motion "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The affidavit that the United States relies on does not affirmatively show that it is based on personal knowledge or that the affiant actually reviewed the Department of Education records. (Francisco Decl. (Ex. A to Mot. Summ. J.), ECF No. 22.)

Next, the United States' evidence raises more questions than it answers. The Francisco declaration states that "the borrower executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education," and that the loan consisted of two payments of $49,642.60 and $42,954.13. (Francisco Decl. ¶2 (Ex. A to Mot. Summ. J.), ECF No. 22.) But the Federal Direct Consolidation Loan Application and Promissory Note submitted by the United States reveals six loans to be consolidated totaling $24,638.00, and two loans that are not to be consolidated totaling $60,393. (Loan App. & Promissory Note 2, (Ex. C to Mot. Summ. J.), ECF No. 22.) If there is an explanation for these discrepancies the United States has not disclosed it.

Finally, the United States has not addressed Townsend's evidence that he has been making payments on the outstanding loan amounts since 2010.

(Townsend Aff. ¶8, ECF No. 28.)  Townsend questions why the United States' failed to take these payments into account in reaching its total-debt-owed figure.  Again, the United States has not responded or provided an explanation for this seeming discrepancy.

In conclusion, the Court finds that genuine issues of material facts exist in this case that preclude the entry of summary judgment at this time.  The United States' summary-judgment motion (ECF No. 22) is **denied** without prejudice.  The usual rule in this District is that a party may only file one summary-judgment motion.  But the Court will permit the United States to file another motion for summary judgment if—after reviewing all the evidence and the shortcomings pointed out by the Court and Townsend—it believes that there are no genuine issues of material fact.  The Court will issue a scheduling order in this matter.

**Done and Ordered** in chambers at Miami, Florida, on September 24, 2014.

_____
Robert N. Scola, Jr.
United States District Judge